UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GLENN M. PRENTICE,

    Petitioner,

    v.                                                                    Civil Action No. 09-230 (HHK)

STATE OF MICHIGAN COURT OF
APPEALS et al.,

    Respondents.

**MEMORANDUM OPINION**

    Plaintiff Glenn M. Prentice paid the fee to file this pro se petition for a writ of habeas corpus, naming as respondents the Sixteenth Judicial Circuit Court of Appeals for the State of Michigan, Judge Cavanagh of that court, the United States President, Solicitor General, and current and immediate past Attorneys General, and an attorney for the Bank of New York Trust Company. Because the claims petitioner asserts cannot be addressed by a writ of habeas corpus, the petition will be dismissed.

    The discursive 24-page petition, accompanied by a 47-page "Brief in Support" and 124 pages of exhibits, reveals that the petitioner is aggrieved because Judge Cavanagh refused to allow petitioner to file a supplemental brief after petitioner's attorney was barred from appearing before the court. Pet. at 3. That appellate proceeding appears to have followed from a foreclosure of petitioner's property by sheriff's sale, which plaintiff asserts was held "without a judicial hearing in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States." Brief

at 3.  As relief, the petition seeks a writ of habeas corpus "HABETO TIBI REES TUAS."  Pet. at 2

(defining the term as meaning to "have or take thy property to thyself"); *see id.* at 18, 22.  In

addition, the petitioner

> requests this honorable Judge of this United States District Court for the District of Columbia grant this Writ Of Habeas Corpus and reverse the decision of ***The Honorable MARK J. CAVANAGH, Judge of the State of Michigan, Being a Judge of the States of Michigan Court of Appeals is in Error for Dismissing the Motion by Glenn M. Prentice for Leave of the court to file his Supplemental Brief without an explanation and without cause.***

Brief at 45 (emphasis in the original).  The petitioner also seeks other relief, not clearly explained in

the petition, by requesting that

> ***the court ORDER*** Timothy B. Myers fill-out the attached form that would allow [petitioner] to review the records with the United States Department of Justice, authorizing [petitioner] to file as the inquirer to Timothy B. Myers status with the United States Department of Justice, that justice best be served and settle the question of whether Timothy B. Myers is required to file as a Foreign Agents as an Attorney licensed under the State Bar of Michigan.

*Id.* at 29 (emphasis in the original; spelling altered).

A habeas petition is a vehicle capable of challenging the basis of a governmental restriction

on a person's liberty.  *See* 28 U.S.C. § 2241(c)(3) (providing that a writ of habeas corpus will issue

only where the petitioner "is in custody in violation of the Constitution or laws or treaties of the

United States"); *Jones v. Cunningham,* 371 U.S. 236, 242 (1963) (holding that the term "custody" as

used in the habeas statute includes non-physical governmental restraints on an individual's liberty,

such as conditions of parole).  Here, there are no factual or even bare allegations that would support a

reasonable conclusion that the petitioner is restrained in his liberty.  A habeas petition is not capable

of addressing private property rights, which appear to be at the core of the underlying issue in this

case.  A habeas petition is also not capable of providing relief in the form of a reversal of a state

court judge's decision to disallow a supplement filing in a civil action.  To be sure, petitioner's recourse does not lie in habeas or in this court.[1]  Accordingly, the petition will be dismissed for failure to state a claim upon which relief may be granted.

     A separate order accompanies this memorandum opinion.

Date:  July 2, 2009

                                      HENRY H. KENNEDY, JR.
                                      United States District Judge

---

[1] To the extent petitioner has a constitutional claim, his recourse is in a civil action in a court in the judicial district where the defendants reside or where the wrongful acts occurred.  *See* 28 U.S.C. § 1391(b).